## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT FLORIDA
## FORT MYERS DIVISION

**NORTHFIELD INSURANCE COMPANY**         CASE NO.

V.

**AYYAD BROTHERS ENTERPRISES,
LLC D/B/A FLY LOUNGE,
COLONIAL OMNI REALTY, LLC,
AND IMC EQUITY GROUP A/K/A
I.M.C. PROPERTY MANAGEMENT
AND MAINTENANCE, INC.**

## COMPLAINT FOR RESCISSION

Plaintiff, Northfield Insurance Company ("Northfield"), by and through undersigned counsel, files this Complaint for Rescission of an insurance policy based on misrepresentation against Defendants, Ayyad Brothers Enterprises, LLC d/b/a Fly Lounge, Colonial Omni Realty, LLC, and IMC Equity Group a/k/a I.M.C. Property Management & Maintenance, Inc., and states as follows:

## PARTIES

1.  Northfield is an Iowa corporation with its principal place of business in Connecticut, and is therefore a citizen of Iowa and Connecticut, as defined by 28 U.S.C. §1332.

2. Ayyad Brothers Enterprises, LLC d/b/a Fly Lounge ("Fly Lounge"), is a Florida limited liability company whose members, on information and belief and based on information currently available to Northfield, are:

    a. Ali Ayyad, a citizen of the State of Florida residing in Fort Myers, Florida; and

    b. Haytham Ayyad, a citizen of the State of Florida residing in Fort Myers, Florida.

Fly Lounge is therefore a citizen of Florida as defined by 28 U.S.C. §1332.

3. Colonial Omni Realty, LLC ("Colonial"), a Florida limited liability company whose sole member, on information and belief and based on information currently available to Northfield is Yoram Izhak, a citizen of the State of Florida residing in Miami, Florida. Colonial is therefore a citizen of Florida as defined by 28 U.S.C. §1332.

4. IMC Equity Group, a/k/a I.M.C. Property Management and Maintenance, Inc. ("IMC"), is a Florida corporation with its principal place of business in Miami, Florida, and is therefore a citizen of Florida as defined by 28 U.S.C. §1332.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

7. Northfield is an eligible surplus lines insurer in the State of Florida.

8. Fly Lounge is an establishment in Fort Myers, Florida, that represented itself to Northfield as a restaurant/lounge.

9. In early 2018, Fly Lounge sought certain liability insurance coverage for its operations located at 2158 Colonial Blvd., Units A/B, Fort Myers, FL 33907.

10. On or about February 22, 2018, an owner of Fly Lounge, Hytham Ayyad, executed a Florida Commercial Insurance Application (the "Application") in which he represented, on behalf of Fly Lounge, among other things, that the Fly Lounge was a "Restaurant and lounge." A true and correct copy of the Application is attached as **Exhibit "A."**

11. On or about February 22, 2018, an owner of Fly Lounge, Haytham Ayyad, also executed a Supplemental Application (the "First Supplemental Application") in which he represented, on behalf of Fly Lounge, among other things, that Fly Lounge was a "Restaurant/Lounge" and that it did not employ any security personnel, as follows:

> 22. Are security personnel employed (bouncers, armed guards, unarmed guards, etc.)?  ___ Yes   _X_ No

A true and correct copy of the First Supplemental Application is attached as **Exhibit "B."**

12. The First Supplemental Application stated "Yes" to the following question:

> 23. Are there doormen or ID checkers at the door at any time?
> _X_ Yes   ___ No

13. The First Supplemental Application further answered question 24 as follows:

    24. Any entertainment provided?  ___Yes   _X_ No

        If yes, please describe: _____

    14.    Northfield was not provided with the First Supplemental Application prior to the claim at issue in this Complaint, but understands that it was submitted to the Hull Group, which had a Program Management Agreement with Northfield.

    15.    Based on the response regarding doormen and ID Checkers, Fly Lounge was advised by the Hull Group that Northfield would exclude coverage for Assault and Battery from the Policy. Northfield also would have excluded coverage for Assault and Battery from the Policy had Fly Lounge disclosed that it had security and/or bouncers.

    16.    Fly Lounge then advised that it did not actually have doormen or ID checkers at the door but, instead had bartenders check ID's, and submitted a second Supplemental Application (the "Revised Supplemental Application"), also dated February 22, 2018, where it continued to answer "No" to question 22 regarding bouncers and security personnel, and changed its answer to question 23 regarding doormen or ID checkers to "No." Thus, in the Revised Supplemental Application submitted by Fly Lounge in connection with the Policy issued by Northfield, Fly Lounge represented, in pertinent part, that Fly Lounge was a "Restaurant/Lounge" and that:

        22. Are security personnel employed (bouncers, armed guards, unarmed guards, etc.)?  ___Yes   _X_ No

        23. Are there doormen or ID checkers at the door at any time?  ___Yes   _X_ No

A true and correct copy of the Revised Supplemental Application is attached as **Exhibit "C."**

17. Fly Lounge also represented in the Revised Supplemental Application that the Entertainment provided was "DJ booth used in evenings." Fly Lounge did not disclose that it hosted live entertainment/concerts. Specifically, Fly Lounge responded to question 24 as follows:

24. Any entertainment provided?  _X_ Yes  ___ No

If yes, please describe: <u>DJ booth used in evenings</u>

18. Based on the Application and the Revised Supplemental Application, Northfield issued Commercial Insurance Policy, no. WS310839, with a Policy Period of 2/23/18 to 2/23/19 (the "2018 Policy"). A true and correct copy of the 2018 Policy is attached as **Exhibit "D."**

19. The 2018 Policy removed the exclusion for Assault and Battery, in reliance on the representations in the Application and Revised Supplemental Application, but included a sublimit limiting coverage under the Assault and Battery policy provision to $100,000.00 per offense / $200,000.00 Aggregate Limit. *See* Limited Assault or Battery Liability Coverage Endorsement to the 2018 Policy.

20. Fly Lounge further represented that it leased its business location from IMC and/or Colonial. On or about April 26, 2018, at the request of Fly Lounge, Northfield issued an Additional Insured Endorsement naming IMC and Colonial as additional insureds. A true and correct copy of the Additional Insured Endorsement is attached as **Exhibit "E."**

21. At the request of Fly Lounge and based on the representations in the Revised Supplemental Application and the fact that there had not been any losses to date,

Northfield removed the Assault and Battery Sublimit by endorsement dated September 14, 2018. A true and correct copy of the Endorsement No. 2 is attached as **Exhibit "F."**

22. Fly Lounge never advised Northfield that any of the information contained in the Application or the Revised Supplemental Application was false or incorrect. Fly Lounge further never advised Northfield that it was not a restaurant and lounge but was, in fact, a nightclub. Northfield would not have issued the Policy had it known that Fly Lounge was actually a nightclub.

23. The 2018 Policy was renewed for the 2/23/2019 – 2/23/2020 policy period (the "2019 Policy") without the Assault and Battery exclusion or sublimit. A true and correct copy of the 2019 Policy is attached as **Exhibit "G."** The 2019 Policy also includes an endorsement naming IMC and Colonial as additional insureds.

24. On or about May 17, 2019, there was a shooting in the parking lot of the strip mall where the Fly Lounge (among other businesses) is located.

25. The alleged victim has filed suit against Fly Lounge, Colonial and IMC in the matter entitled "Johnny Cooper v. Ayyad Brothers Enterprises LLC, et al." bearing case number 19-CA-003667 in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida (the "Lawsuit"). The plaintiff in the Lawsuit has demanded damages in excess of $75,000.00.

26. Fly Lounge has made a claim for a defense and coverage in connection with the Lawsuit under the 2019 Policy, and IMC and Colonial have also made a claim for defense under the 2019 Policy (the "Policy Claims").

27. In connection with Northfield's investigation of the Policy Claims, Northfield discovered that Fly Lounge made material misrepresentations in the Application, the Supplemental Application and the Revised Supplemental Application. Specifically, Fly Lounge has admitted that the Fly Lounge employs bouncers and/or armed security on the premises. Further, Northfield has discovered that Fly Lounge hosted concerts and/or live entertainment. Concerts appear to have been ticketed, which would require doormen and/or ID checkers at the door. The hosting of concerts, charging for admission, actual operating hours of the Fly Lounge, and other facts to be shown at trial of this matter, demonstrate that Fly Lounge is a nightclub and not a restaurant and lounge.

28. Northfield is providing Fly Lounge, IMC and Colonial with a defense under a reservation of rights, including without limitation Northfield's rights to later withdraw from the defense of the Lawsuit at any time and to seek reimbursement of all defense costs incurred. A copy of the reservation of rights letters are attached as composite **Exhibit "H."**

## COUNT I: RESCISSION

29. Northfield incorporates and reallege the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. Florida Statute § 627.409. Representations in applications; warranties, provides in relevant part:

> (1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and is not a warranty. A misrepresentation,

7

omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:

(a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.

(b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

31. The Application contains misrepresentations, concealments and/or omissions of facts and information each of which was material to the risk that Fly Lounge sought to insure.

32. In particular, Fly Lounge misrepresented that: (1) there were no security personnel (bouncers, armed guards, unarmed guards, etc.) employed at the Fly Lounge; (2) that there were no doormen or ID checkers at the door at any time; (3) that the only entertainment was "DJ booth used in evenings" when in fact Fly Lounge hosted concerts and/or live entertainment; and (4) that Fly Lounge is a restaurant and lounge when in fact it is a nightclub. Further, Fly Lounge may have made other misrepresentations that are being investigated by Northfield that would also serve as the basis for a claim for rescission.

33. Contrary to the representations in the Application, the Supplemental Application and/or Revised Supplemental Application, Fly Lounge did employ security personnel, doormen, and ID checkers; Fly Lounge hosted concerts and/or live entertainment; and Fly Lounge is a nightclub and not a restaurant and lounge.

8

34. Had Northfield known these facts, they would not have insured Fly Lounge.

35. Even if a policy would have been issued, it would have either excluded assault and battery from coverage or have been subject to an endorsement limiting coverage for any liability arising out of an assault or battery to a $100,000.00 sublimit.

36. These fundamental misrepresentations, concealments and/or omissions regarding the nature of this risk and underlying transactions were and are material to the risk Fly Lounge sought to insure.

37. Accordingly, if the true facts had been known to Northfield, Northfield in good faith would not have issued the 2018 Policy or the 2019 Policy, would not have issued them at the same premium rate, would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

38. Northfield has performed or Fly Lounge has waived any conditions precedent to the bringing of this action.

39. Northfield is providing notice of rescission to Fly Lounge, IMC and Colonial, and is returning and/or tendering all premiums paid to Northfield.

40. Pursuant to Florida Statute § 627.409 and applicable law, the Policy is void *ab initio*. Further, since the Policy is void *ab initio* Northfield does not owe Fly Lounge, Colonial or IMC a duty to defend the Lawsuit.

## COUNT II: REIMBURSEMENT OF DEFENSE PAYMENTS

41.   Northfield incorporates and realleges the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42.   Northfield agreed to provide a defense to Fly Lounge, IMC and Colonial to the Lawsuit under a reservation of rights and further provided notice of Northfield's reservation of its right to reimbursement.

43.   Since the 2019 Policy is subject to rescission, Northfield is entitled to reimbursement from Fly Lounge, Colonial and IMC for all defense costs, attorney's fees or related costs incurred by Northfield on behalf of Fly Lounge, Colonial and IMC.

WHEREFORE, Northfield respectfully requests that this Honorable Court issue judgment in its favor and against Fly Lounge, Colonial and IMC:

1.   Declaring the Policy null and void *ab initio* and declaring that Northfield owes no obligation thereunder, including no obligation to defend Fly Lounge, Colonial and IMC;

2.   Ordering Fly Lounge to reimburse Northfield for all defense costs, attorney's fees or related costs incurred by Northfield on behalf of Fly Lounge, Colonial and IMC; and

3.   Granting to Northfield any other and further relief the Court deems just and appropriate.

                                                          MILLS PASKERT DIVERS

                                                          */s/ Alberta L. Adams*
                                                          ALBERTA L. ADAMS
                                                          Florida Bar No. 80063

        aadams@mpdlegal.com
        100 North Tampa St., Suite 3700
        Tampa, FL  33602
        (813) 229-3500
        (813) 229-3502 (FAX)

        *Counsel for Northfield*
        *Insurance Company*