UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

NORTHFIELD         INSURANCE
COMPANY,
          Plaintiff,

v.                                   Case No:   2:19-cv-482-FtM-29MRM


AYYAD   BROTHERS   ENTERPRISES,
LLC,   COLONIAL   OMNI   REALTY,
LLC, and IMC EQUITY GROUP.

          Defendants.

_____

                          **OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Motion for Summary Judgment (Doc. #32) filed on November 26, 2019. Defendants Colonial Omni Realty, LLC and IMC Equity Group filed a Response in Opposition (Doc. #34) on December 10, 2019. For the reasons set forth below, the motion is granted in part and denied in part without prejudice.

                                  **I.**

    **A.   Parties**

    As alleged in the Amended Complaint, plaintiff Northfield Insurance Company is an Iowa corporation that provides commercial insurance policies in Florida. (Doc. #14, ¶¶ 2, 8.) Defendant Ayyad Brothers Enterprises, LLC is a Florida limited liability company that operated "Fly Lounge," a commercial establishment in

Fort Myers. (Id. ¶¶ 3, 9.) Ayyad Brothers leased Fly Lounge's location from defendants Colonial Omni Realty, LLC, a Florida limited liability company, and defendant IMC Equity Group, a Florida corporation. (Id. ¶¶ 4, 5, 21.)

**B. Factual Background**

In February 2018, Ayyad Brothers applied for commercial insurance coverage as a tenant located at 2158 Colonial Boulevard, Fort Myers, Florida. (Doc. #14-1, pp. 18-19.) In the application, Ayyad Brothers described Fly Lounge as a "Restaurant and lounge." (Id. p. 19.) Ayyad Brothers also executed a "Restaurant, Bar and Tavern Supplemental Application" in which it again listed Fly Lounge's type of operation as "Restaurant/Lounge." (Doc. #14-3, p. 30.) Ayyad Brothers further represented that Fly Lounge (1) did not employ security personnel, (2) had no doormen or ID checkers at the location, and (3) provided a DJ booth in the evenings for entertainment. (Id. p. 31.)

Based on the applications, plaintiff issued a commercial insurance policy to Ayyad Brothers. (Doc. #14-4, p. 33.) The policy had a coverage period of February 23, 2018 to February 23, 2019, and provided general liability coverage. (Id. p. 43.) The policy contained numerous exclusions and limitations, including a "Limitation of Coverage to Designated Premises, Project or Operation." (Doc. #14-5, p. 129.) Per the limitation, the policy covered bodily injury that (1) occurred at the 2158 Colonial

2

Boulevard location in Fort Myers, or (2) arose "out of the project or operation shown in the Schedule."[1] (Doc. #14-5, p. 129; Doc. #14-9, p. 158.) In April 2018, the policy was amended to add Colonial and IMC as additional insureds (Doc. #14-7, p. 140), and in September 2018 the policy was amended to remove a limit on assault and battery liability coverage (Doc. #14-7, p. 140; Doc. #14-8, p. 143.)[2] The policy was subsequently renewed for the February 23, 2019 to February 23, 2020 period. (Doc. #14-9, pp. 145-46.)

According to the Amended Complaint, in May 2019 a shooting occurred in the parking lot of the strip mall where Fly Lounge is located. (Doc. #14, ¶ 25.) The alleged victim has filed suit against the defendants in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida, and pursuant to the policy the defendants made a claim for a defense and coverage. (Id. ¶¶ 26-27.) In investigating the claim, plaintiff determined Ayyad Brothers had made material misrepresentations during the application process. (Id. ¶ 28; Doc. #14-11, p. 224.) Specifically, plaintiff determined Ayyad Brothers had

---

[1] Per the policy, the business was classified as a restaurant selling alcoholic beverages and containing a dance floor. (Doc. #14-9, p. 158.)

[2] According to plaintiff, these amendments were done at the request of Ayyad Brothers. (Doc. #14, ¶¶ 21-22.)

misrepresented that Fly Lounge (1) had no security personnel employed at the location, (2) had no doormen or ID checkers at the location, (3) had only a DJ booth as opposed to concerts or live entertainment, and (4) was a restaurant and lounge rather than a nightclub. (Doc. #14, ¶ 28; Doc. #14-12, p. 235.) Due to the misrepresentations, plaintiff voided and rescinded the policy, but nonetheless agreed to provide a courtesy defense to the defendants while reserving its right to later withdraw and seek reimbursement. (Doc. #14-11, pp. 224, 227, 229, 232; Doc. #14-12, p. 235.)

**C. Procedural Background**

Plaintiff initiated this action in July 2019 and filed an Amended Complaint for Rescission on September 3, 2019. (Doc. #14.) The Amended Complaint requests the Court (1) declare the policies void pursuant to Section 627.409, Florida Statutes, and (2) order reimbursement for all defense costs, attorney's fees, or related costs incurred by plaintiff on behalf of defendants. (Id. pp. 9-12, 15.) As an alternative to rescission, the Amended Complaint requests a declaratory judgment that the 2019 policy does not provide coverage for any claims arising out of a second shooting at a different location that took place after this matter was initiated. (Id. pp. 12-15.)

On September 27, 2019, Colonial and IMC jointly filed an Answer (Doc. #15), denying plaintiff's allegations and asserting several affirmative defenses. After Ayyad Brothers failed to

respond to the Amended Complaint, plaintiff moved for entry of a clerk's default (Doc. #29) and the Court granted the motion on November 12, 2019 (Doc. #30.) The Court further ordered plaintiff to file, within fourteen days, either (1) a motion for default judgment against Ayyad Brothers or (2) a request to delay default judgment until after a trial on the merits against the remaining defendants. (Doc. #30, p. 5.) Instead, plaintiff filed the Motion for Summary Judgment (Doc. #32) now before the Court, seeking judgment against all three defendants. Colonial and IMC filed a joint Response in Opposition (Doc. #34) requesting the Court deny the motion without prejudice until after discovery has concluded. To date, Ayyad Brothers has responded to neither the Amended Complaint nor the Motion for Summary Judgment.

## II.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion with materials in the record, including depositions, documents, affidavits, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A).

Rule 56(d) expressly provides that the Court may deny a motion for summary judgment if a non-movant shows by affidavit or

5

declaration that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). However, the Eleventh Circuit has held that the filing of an affidavit is not required to invoke the protection of the rule. Snook v. Tr. Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 871 (11th Cir. 1988). The party opposing the motion for summary judgment bears the burden of alerting the Court to any outstanding discovery, but a written representation by the party's lawyer still falls within the spirit of the rule, and "[f]orm is not to be exalted over fair procedures." Id. (citation omitted).

Rule 56 requires adequate time for discovery prior to entry of summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Entry of summary judgment before the nonmoving party has had time to conduct discovery constitutes reversible error. See WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). A party has the right to challenge the factual evidence presented by the moving party by conducting sufficient discovery so as to determine if he may furnish opposing affidavits. Snook, 859 F.2d at 870. The Eleventh Circuit has cautioned that "summary judgment may only be decided upon an adequate record." Id. (citation omitted); see also Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate

opportunity to complete discovery prior to the consideration of the motion.").

**III.**

Plaintiff seeks to have the policy voided pursuant to section 627.409, Florida Statutes, which provides the following:

> (1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and not a warranty. Except as provided in subsection (3), a misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:
>
> (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material to the acceptance of the risk or to the hazard assumed by the insurer.
>
> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

§ 627.409, Fla. Stat. An insurer is entitled to rely upon the accuracy of the information in an application, and has no duty to make additional inquiry. Indep. Fire Ins. Co. v. Arvidson, 604 So. 2d 854, 856 (Fla. 4th DCA 1992). An insurer seeking to rescind a policy bears the burden to plead and prove the misrepresentation, its materiality, and the insurer's detrimental reliance. Griffin v. Am. Gen. Life & Accident Ins. Co., 752 So. 2d 621, 623 (Fla. 2d DCA 1999).

In the Amended Complaint, plaintiff alleges Fly Lounge, contrary to Ayyad Brother's application representations, (1) employed security personnel, doormen and ID checkers, (2) hosted concerts and/or live entertainment, and (3) operated as a nightclub and not a restaurant and lounge. (Doc. #14, ¶ 39.) Plaintiff states that had it known these facts, it would not have insured Fly Lounge. (Id. ¶ 40.) In its motion, plaintiff argues it is entitled to summary judgment because there is no genuine dispute of material facts that Ayyad Brothers made material misrepresentations and plaintiff would not have issued the policies had the true facts been disclosed.[3] (Doc. #32, pp. 13-17.)

Having reviewed the motion, the Court finds it is premature as to defendants Colonial and IMC, who have disputed that the applications contain material misrepresentations and that plaintiff would not have issued the policies. (Doc. #15, ¶¶ 37, 40.) Further, Colonial and IMC have requested the Court deny the

---

[3] To support this assertion, plaintiff has provided an affidavit of Robert Hart, Jr., the managing director of plaintiff's underwriting department. (Doc. #32-1, ¶ 1.) Hart, Jr. states that the policies were issued based upon, and in reliance of, the representations made by Ayyad Brothers, and that the misrepresentations "related to issues that materially affect the risk undertaken by [plaintiff.]" (Doc. #32-1, ¶¶ 34-35.) Hart, Jr. also states that plaintiff does not underwrite nightclubs and would not have issued the same policies had it known the true facts. (Id. ¶¶ 16, 24, 37.)

motion for summary judgment until discovery can be completed. (Doc. #34, p. 2.)  The Court finds this request appropriate based on the previously discussed case law and will deny the motion without prejudice.

While Colonial and IMC have denied plaintiff's allegations, by its default Ayyad Brothers has admitted the well-pleaded factual allegations in the Amended Complaint.  See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (recognizing that a "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact").  Accordingly, Ayyad Brothers has admitted (1) to committing material misrepresentations that plaintiff relied upon in issuing the policies, and (2) plaintiff would not have issued the same policies had it known the true facts.  See Am. Econ. Ins. Co. v. Shiloh Baptist Church of Jacksonville, Fla., Inc., 2010 WL 11623069, *4 (M.D. Fla. Nov. 5, 2010) ("Defendant Gilyard, by his default, admits the allegations of the Amended Complaint regarding Shiloh's misrepresentations on the 1999 Application. . . . Defendant Gilyard also admits that these misrepresented facts were essential to Plaintiffs' assessment of the risk, and that had Plaintiffs known the true facts, they would not have issued the insurance policies purportedly covering Gilyard's actions.").

However, while judgment against Ayyad Brothers may eventually be appropriate, the Court finds it is not appropriate at this time.

"As a general proposition, where there are multiple defendants, judgment should not be entered against a defaulted defendant until the case has been adjudicated with regard to all the defendants." StarStone Nat'l Ins. Co. v. Polynesian Inn, LLC, 2019 WL 3821880, *2 (M.D. Fla. July 19, 2019); Frow v. De La Vega, 82 U.S. 552, 554 (1872) ("[I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."); see also Politano v. Ott, 2008 WL 4104137, *1 (M.D. Fla. Aug. 6, 2008) ("This district has followed Frow and has been sensitive to the risk of inconsistent judgments.").

**IV.**

Finally, the Court turns to the motion's alternative request for a declaratory judgment that (1) there is no coverage under the 2019 policy for the second shooting and (2) plaintiff does not owe Ayyad Brothers a duty to defend claims arising out of the second shooting. (Doc. #32, pp. 18-20.) The Declaratory Judgment Act permits federal courts in "a case of actual controversy" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is

10

or could be sought." 28 U.S.C. § 2201(a). Courts have no duty to declare those rights, Ameritas Variable Life Ins. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005), and a "case or actual controversy" refers to justiciable cases under Article III, MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

According to the Amended Complaint, the second shooting occurred on July 21, 2019 at an event allegedly promoted, held, and/or hosted by Fly Lounge, but not at Fly Lounge's location. (Doc. #14, ¶ 31.) In seeking a declaratory judgment, the Amended Complaint asserts "[t]here is a *bona fide*, actual, present, practical need for the declaration, as there is presently a claim made against Fly Lounge arising" from the second shooting.[4] (Id. ¶ 54.) As noted, the 2019 policy limits bodily injury coverage to incidents that occur at the 2158 Colonial Boulevard location in Fort Myers or arose out of the operation of the restaurant. Because Ayyad Brothers has defaulted and therefore admitted the shooting in Lehigh Acres does not fall within the scope of the policy, the Court finds declaratory judgment appropriate on this

---

[4] In a letter informing Ayyad Brothers that the shooting victim's representative had made a claim on the policy, plaintiff stated the shooting occurred at a "mixtape release party" at 5570 Lee Street, Lehigh Acres, Florida. (Doc. #14-13, p. 238.) Plaintiff also informed Ayyad Brothers that the policy did not apply to this incident, but that it would provide a courtesy defense with the same reservations previously discussed. (Id. p. 242.)

issue. See Mid-Continent Cas. Co. v. Sienna Homes, Inc., 2018 WL 8244595, *3 (M.D. Fla. Aug. 2, 2018) (in declaratory relief action where defendants defaulted and therefore admitted to plaintiff's well-pleaded factual allegations, court found policies did not apply and issued judgment declaring plaintiff had no duty to defend or indemnify defendants in separate liability action).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. #32) is **GRANTED in part and DENIED in part**.
2. As to Counts I and II, the motion is **DENIED without prejudice** until discovery is completed.
3. As to Count III, the motion is **GRANTED** and the Court declares that plaintiff owes no duty to defend or indemnify Ayyad Brothers Enterprises, LLC in relation to the July 21, 2019 shooting at 5570 Lee Street, Lehigh Acres, Florida.
4. The Clerk shall withhold the entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of February, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record