UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORTHFIELD INSURANCE COMPANY,

    Plaintiff,

v.                            Case No: 2:19-cv-482-FtM-29MRM

AYYAD BROTHERS ENTERPRISES, LLC, COLONIAL OMNI REALTY, LLC, and IMC EQUITY GROUP,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on the Northfield Insurance Company, Colonial Omni Realty, LLC, and IMC Equity Group's Joint Motion for Entry of Consent Order on Northfield Insurance Company's Motion for Summary Judgment (Doc. #36) filed on February 4, 2020, and Northfield Insurance Company's Renewed Motion for Summary Judgment (Doc. #37) filed on February 25, 2020. For the reasons that follow, the Joint Motion is granted, and the Renewed Motion for Summary Judgment is granted.

**I.**

**A. Parties**

As alleged in the Amended Complaint, plaintiff Northfield Insurance Company is an Iowa corporation that provides commercial insurance policies in Florida. (Doc. #14, ¶¶ 2, 8.) Defendant Ayyad Brothers Enterprises, LLC is a Florida limited liability

company that operated "Fly Lounge," a commercial establishment in Fort Myers. (Id. ¶¶ 3, 9.) Ayyad Brothers leased Fly Lounge's location from defendants Colonial Omni Realty, LLC, a Florida limited liability company, and defendant IMC Equity Group, a Florida corporation. (Id. ¶¶ 4, 5, 21.)

**B. Factual Background**

In February 2018, Ayyad Brothers applied for commercial insurance coverage as a tenant located at 2158 Colonial Boulevard, Fort Myers, Florida. (Doc. #14-1, pp. 18-19.) In the application, Ayyad Brothers described Fly Lounge as a "Restaurant and lounge." (Id. p. 19.) Ayyad Brothers also executed a "Restaurant, Bar and Tavern Supplemental Application" in which it again listed Fly Lounge's type of operation as "Restaurant/Lounge." (Doc. #14-3, p. 30.) Ayyad Brothers further represented that Fly Lounge (1) did not employ security personnel, (2) had no doormen or ID checkers at the location, and (3) provided a DJ booth in the evenings for entertainment. (Id. p. 31.)

Based on the applications, plaintiff issued a commercial insurance policy to Ayyad Brothers. (Doc. #14-4, p. 33.) The policy had a coverage period of February 23, 2018 to February 23, 2019, and provided general liability coverage. (Id. p. 43.) The policy contained numerous exclusions and limitations, including a "Limitation of Coverage to Designated Premises, Project or Operation." (Doc. #14-5, p. 129.) Per this limitation, the

policy covered bodily injury that (1) occurred at the 2158 Colonial Boulevard location in Fort Myers, or (2) arose "out of the project or operation shown in the Schedule."[1]  (Doc. #14-5, p. 129; Doc. #14-9, p. 158.)  In April 2018, the policy was amended to add Colonial and IMC as additional insureds (Doc. #14-7, p. 140), and in September 2018 the policy was amended to remove a limit on assault and battery liability coverage (Doc. #14-7, p. 140; Doc. #14-8, p. 143.)[2]  The policy was subsequently renewed for the February 23, 2019 to February 23, 2020 period.  (Doc. #14-9, pp. 145-46.)

According to the Amended Complaint, in May 2019 a shooting occurred in the parking lot of the strip mall where Fly Lounge is located.  (Doc. #14, ¶ 25.)  The alleged victim has filed suit against the defendants in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida, and pursuant to the policy the defendants made a claim for a defense and coverage.  (Id. ¶¶ 26-27.)  In investigating the claim, plaintiff determined Ayyad Brothers had made material misrepresentations during the application process.  (Id. ¶ 28; Doc. #14-11, p. 224.)

---

[1] Per the policy, the business was classified as a restaurant selling alcoholic beverages and containing a dance floor.  (Doc. #14-9, p. 158.)

[2] According to plaintiff, these amendments were done at the request of Ayyad Brothers.  (Doc. #14, ¶¶ 21-22.)

Specifically, plaintiff determined Ayyad Brothers had misrepresented that Fly Lounge (1) had no security personnel employed at the location, (2) had no doormen or ID checkers at the location, (3) had only a DJ booth as opposed to concerts or live entertainment, and (4) was a restaurant and lounge rather than a nightclub. (Doc. #14, ¶ 28; Doc. #14-12, p. 235.) Due to the misrepresentations, plaintiff voided and rescinded the policy, but nonetheless agreed to provide a courtesy defense to the defendants while reserving its right to later withdraw and seek reimbursement. (Doc. #14-11, pp. 224, 227, 229, 232; Doc. #14-12, p. 235.)

**C.  Procedural Background**

Plaintiff initiated this action in July 2019 and filed an Amended Complaint for Rescission on September 3, 2019. (Doc. #14.) In Count I, plaintiff seeks to have the 2018 Policy and 2019 Policy declared void *ab initio* under section 627.409, Florida Statutes. (Id. pp. 9-11.) In Count II, plaintiff seeks reimbursement of defense payments incurred on behalf of the defendants. (Id. pp. 11-12.) In Count III, as an alternative to rescission, plaintiff seeks a declaratory judgment that the 2019 policy does not provide coverage for any claims arising out of a second shooting at a different location that occurred after this matter was initiated. (Id. pp. 12-15.)

In September 2019, Colonial and IMC jointly filed an Answer (Doc. #15), denying plaintiff's allegations and asserting several affirmative defenses. After Ayyad Brothers failed to respond to the Amended Complaint, plaintiff moved for entry of a clerk's default (Doc. #29) and the Court granted the motion on November 12, 2019 (Doc. #30.) The Court further ordered plaintiff to file, within fourteen days, either (1) a motion for default judgment against Ayyad Brothers or (2) a request to delay default judgment until after a trial on the merits against the remaining defendants. (Doc. #30, p. 5.)

On November 26, 2019, plaintiff filed a Motion for Summary Judgment (Doc. #32), seeking judgment against all three defendants. Colonial and IMC filed a joint Response in Opposition (Doc. #34), requesting the Court deny the motion without prejudice until after discovery had concluded. Ayyad Brothers failed to respond to the motion. On February 3, 2020, the Court issued an Opinion and Order (Doc. #35) granting summary judgment as to Count III and declaring that plaintiff owed no duty to defend or indemnify Ayyad Brothers in relation to the second shooting. The Court denied the motion without prejudice as to Counts I and II because (1) Colonial and IMC had denied plaintiff's allegations and discovery was ongoing, and (2) the Court found it inappropriate to enter judgment against a defaulted defendant (Ayyad Brothers)

until the case had been adjudicated with regards to all the defendants.³  (Id. pp. 8-12.)

On February 4, 2020, plaintiff, Colonial, and IMC filed the Joint Motion now before the Court.  (Doc. #36.)  The motion states these parties have reached an agreement between themselves and request the Court enter an attached Consent Order.  (Id. p. 2.)  The Consent Order would (1) enter summary judgment in favor of plaintiff and against Colonial and IMC as to Count I, and (2) dismiss Count II as to Colonial and IMC only.  (Doc. #36-1, p. 6.)

On February 25, 2020, plaintiff filed its Renewed Motion for Summary Judgment also now before the Court.  (Doc. #37).  The motion seeks to have judgment entered in favor of plaintiff and against Ayyad Brothers as to Counts I and II.  (Id. p. 5.)  The motion assumes the Court will enter the Consent Order referenced above, thereby removing Colonial and IMC from the case and eliminating any risk of inconsistent judgments.  (Id. pp. 4-5.)  Ayyad Brothers has not responded to the motion and the time to do so has passed.  The Court will address each motion in turn.

---

³ The second shooting took place off premises and therefore did not involve either Colonial or IMC.  (Doc. #14, ¶ 31.)  Accordingly, Count III only applied to Ayyad Brothers and there was no risk of inconsistent judgments.  See StarStone Nat'l Ins. Co. v. Polynesian Inn, LLC, 2019 WL 3821880, *2 (M.D. Fla. July 19, 2019) ("As a general proposition, where there are multiple defendants, judgment should not be entered against a defaulted defendant until the case has been adjudicated with regard to all the defendants.").

**II.**

**A. Joint Motion for Entry of Consent Order**

Plaintiff, Colonial, and IMC seek to have the Court (1) enter judgment in favor of plaintiff and against Colonial and IMC as to Count I, and (2) dismiss Count II as to Colonial and IMC only. This would end litigation as to these two defendants. Having reviewed the motion and the attached Consent Order, the Court will grant the motion. The Court will now address the renewed summary judgment motion as to Ayyad Brothers.

**B. Renewed Motion for Summary Judgment**

    **1. Legal Standards**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion with materials in the record, including depositions, documents, affidavits, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A).

Rule 56(d) expressly provides that the Court may deny a motion for summary judgment if a non-movant shows by affidavit or declaration that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). However, the Eleventh Circuit has held that the filing of an affidavit is not required

to invoke the protection of the rule. Snook v. Tr. Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 871 (11th Cir. 1988). The party opposing the motion for summary judgment bears the burden of alerting the Court to any outstanding discovery, but a written representation by the party's lawyer still falls within the spirit of the rule, and "[f]orm is not to be exalted over fair procedures." Id. (citation omitted).

Rule 56 requires adequate time for discovery prior to entry of summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Entry of summary judgment before the nonmoving party has had time to conduct discovery constitutes reversible error. See WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). A party has the right to challenge the factual evidence presented by the moving party by conducting sufficient discovery so as to determine if he may furnish opposing affidavits. Snook, 859 F.2d at 870. The Eleventh Circuit has cautioned that "summary judgment may only be decided upon an adequate record." Id. (citation omitted); see also Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to the consideration of the motion.").

## 2. Analysis

As it did in its prior summary judgment motion, plaintiff seeks to have judgment entered in its favor as to Counts I and II, which would (1) declare the policies void pursuant to section 627.409, Florida Statutes, and (2) order reimbursement for all defense costs, attorney's fees, or related costs incurred by plaintiff on behalf of Ayyad Brothers. (Doc. #37, p. 5; Doc. #14, pp. 9-12, 15.) Section 627.409 provides the following:

> (1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and not a warranty. Except as provided in subsection (3), a misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:
>
> (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material to the acceptance of the risk or to the hazard assumed by the insurer.
>
> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

§ 627.409, Fla. Stat. An insurer is entitled to rely upon the accuracy of the information in an application, and has no duty to make additional inquiry. Indep. Fire Ins. Co. v. Arvidson, 604 So. 2d 854, 856 (Fla. 4th DCA 1992). An insurer seeking to rescind a policy bears the burden to plead and prove the misrepresentation,

its materiality, and the insurer's detrimental reliance.  Griffin v. Am. Gen. Life & Accident Ins. Co., 752 So. 2d 621, 623 (Fla. 2d DCA 1999).

In the Amended Complaint, plaintiff alleges Fly Lounge, contrary to Ayyad Brothers' application representations, (1) employed security personnel, doormen and ID checkers, (2) hosted concerts and/or live entertainment, and (3) operated as a nightclub and not a restaurant and lounge.  (Doc. #14, ¶ 39.)  Plaintiff states that had it known these facts, it would not have insured Fly Lounge.[4]  (Id. ¶ 40.)  In its renewed motion, plaintiff argues that because Ayyad Brothers has defaulted, entry of judgment is appropriate.  (Doc. #37, p. 4.)  Having reviewed the motion as well as the allegations in the Amended Complaint, the Court agrees.

By its default, Ayyad Brothers has admitted the well-pleaded factual allegations in the Amended Complaint.  See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (recognizing that a "defendant, by his default, admits

---

[4] Plaintiff has provided an affidavit of Robert Hart, Jr., the managing director of plaintiff's underwriting department. (Doc. #32-1, ¶ 1.)  Hart, Jr. states that the policies were issued based upon, and in reliance of, the representations made by Ayyad Brothers, and that the alleged misrepresentations "related to issues that materially affect the risk undertaken by [plaintiff.]" (Id. ¶¶ 34-35.)  Hart, Jr. also states that plaintiff does not underwrite nightclubs and would not have issued the same policies had it known the true facts.  (Id. ¶¶ 16, 24, 37.)

the plaintiff's well-pleaded allegations of fact"). Accordingly, Ayyad Brothers has admitted (1) to committing material misrepresentations that plaintiff relied upon in issuing the policies, and (2) plaintiff would not have issued the same policies had it known the true facts. See Am. Econ. Ins. Co. v. Shiloh Baptist Church of Jacksonville, Fla., Inc., 2010 WL 11623069, *4 (M.D. Fla. Nov. 5, 2010) ("Defendant Gilyard, by his default, admits the allegations of the Amended Complaint regarding Shiloh's misrepresentations on the 1999 Application. . . . Defendant Gilyard also admits that these misrepresented facts were essential to Plaintiffs' assessment of the risk, and that had Plaintiffs known the true facts, they would not have issued the insurance policies purportedly covering Gilyard's actions."). Therefore, the Court finds entry of judgment in plaintiff's favor and against Ayyad Brothers as to Counts I and II is appropriate.[5]

Accordingly, it is hereby

**ORDERED:**

1. The Joint Motion of Northfield Insurance Company, Colonial Omni Realty, LLC, and IMC Equity Group for Entry of Consent Order on Northfield Insurance Company's Motion for Summary Judgment (Doc. #36) is **GRANTED.**

---

[5] Given the Court's ruling regarding Colonial and IMC, there is no longer a risk of inconsistent judgments.

2. Plaintiff's Renewed Motion for Summary Judgment (Doc. #37) is **GRANTED** as to Counts I and II against Ayyad Brothers.

3. The Court declares that Commercial Insurance Policy No. WS310839, with a Policy Period of 2/23/18 to 2/23/19, and Commercial Insurance Policy No. WS377240, with a Policy Period of 2/23/19 to 2/23/20, issued by plaintiff (the "Policies") are null and void *ab initio* and that plaintiff owes no obligation thereunder to Ayyad Brothers, Colonial, or IMC, including no obligation to defend Ayyad Brothers, Colonial, or IMC from any claims under the Policies. Pursuant to the parties' agreement, all claims against Colonial and IMC for defense costs, attorney's fees, and related costs incurred by plaintiff are deemed waived. The Court further orders Ayyad Brothers to reimburse plaintiff for all defense costs, attorney's fees, and related costs incurred by plaintiff on Ayyad Brothers' behalf, in an amount to be determined by separate motion.

4. The Clerk shall (1) enter judgment in favor of plaintiff and against each defendant as to Count I, (2) enter judgment in favor of plaintiff and against Ayyad Brothers as to Count II, (3) dismiss with prejudice Count II as to Colonial and IMC, and (4) terminate all remaining deadlines and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of March, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:   Counsel of Record